# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**SAFECO INSURANCE**
**BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET SUITE 620**
**AUSTIN TX 78701**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **68th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **YOLANDA JOVEL & JOSE MEJIA**

Filed in said Court **14th day of October, 2015** against

**SAFECO INSURANCE**

For Suit, said suit being numbered **DC-15-12614,** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition **REQ FOR DISCLOSURE AND REQ FOR PRODUCTION,**
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 16th day of October, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
        ALTHA MILES

---

# CITATION

## DC-15-12614

**YOLANDA JOVEL, et al**
vs.
**SAFECO INSURANCE**

ISSUED THIS
**16th day of October, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: ALTHA MILES, Deputy

**Attorney for Plaintiff**
ZACH MOSELEY
THE VOSS FIRM PC
26619 INTERSTATE 45
THE WOODLANDS TX 77380
713-861-0015

---

# EXHIBIT C-1

# OFFICER'S RETURN

Case No. : DC-15-12614

Court No.68th District Court

Style: YOLANDA JOVEL, et al

vs.

SAFECO INSURANCE

Came to hand on the ___6th___ day of ___November___, 20 _15_, at _4:00_ o'clock _P_ .M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

Dianne Coffey

FILED
DALLAS COUNTY
11/19/2015 12:43:36 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:15-cv-04079-B   Document 1-3   Filed 12/29/15   Page 3 of 25   PageID 11

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**

**SAFECO INSURANCE
BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211 EAST 7TH STREET SUITE 620
AUSTIN TX 78701**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **68th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **YOLANDA JOVEL & JOSE MEJIA**

Filed in said Court **14th day of October, 2015** against

**SAFECO INSURANCE**

For Suit, said suit being numbered **DC-15-12614,** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition **REQ FOR DISCLOSURE AND REQ FOR PRODUCTION,**
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 16th day of October, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas.

By _Altha M. les_ , Deputy
ALTHA MILES

DALLAS COUNTY CONSTABLE
FEES          FEES NOT
PAID          PAID

---

**ATTY**

# CITATION

## DC-15-12614

**YOLANDA JOVEL, et al
vs.
SAFECO INSURANCE**

ISSUED THIS
**16th day of October, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: ALTHA MILES, Deputy

---

**Attorney for Plaintiff**
ZACH MOSELEY
THE VOSS FIRM PC
26619 INTERSTATE 45
THE WOODLANDS TX 77380
713-861-0015

## OFFICER'S RETURN

Case No. : DC-15-12614

Court No.68th District Court

Style: YOLANDA JOVEL, et al

vs.

SAFECO INSURANCE

Came to hand on the ___10th___ day of ___November___, 20 ___15___, at ___4:00___ o'clock ___P___ M. Executed at ___311 E. 7th St.___ within the County of ___TRAVIS___ at ___9:45___ o'clock ___A___ M. on the ___12th___ day of ___November___ 20 ___15___, by delivering to the within named ___Safeco Insurance___

___by mail___

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $ 100 | ___D.V.___ |
| For mileage | $ _____ | of ___Montgomery___ County, ___TX___ |
| For Notary | $ _____ | By ___David Voss___  Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said ___David Voss___ before me this ___19th___ day of ___November___, 20 ___15___, to certify which witness my hand and seal of office.

AMBAR LORENA BALDERAS
Notary Public, State of Texas
My Commission Expires
January 28, 2018

Notary Public ___Montgomery___ County ___TEXAS___

FILED
DALLAS COUNTY
10/14/2015 3:05:35 PM
FELICIA PITRE
DISTRICT CLERK

Freeney Anita

1 CT-ATTY

DC-15-12614

CAUSE NO. _____

| | | |
|---|---|---|
| YOLANDA JOVEL & JOSE MEJIA, | § | IN THE DISTRICT COURT |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| SAFECO INSURANCE, | § | |
| **Defendant.** | § | C-68TH  JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW** Yolanda Jovel & Jose Mejia (hereinafter "Plaintiffs"), and complains of

Safeco Insurance (hereinafter "Safeco").   In support of their claims and causes of action,

Plaintiffs would respectfully show the Court as follows:

### **DISCOVERY LEVEL**

1.      Plaintiffs intend for discovery to be conducted at Level 2, pursuant to Rule 190 of

the Texas Rules of Civil Procedure.

### **JURISDICTION AND VENUE**

2.      This Court has jurisdiction to hear Plaintiffs' claims under Texas common law and

Texas statutory law.   Inarguably, the amount in controversy exceeds the minimum jurisdictional

limits of this Court.   Venue is also proper, as all or a substantial part of the events giving rise to

this suit occurred within the city of Dallas, in Dallas County, Texas.

## PARTIES

3.    Plaintiffs are individuals whose residence is located in Dallas, Dallas County, Texas.

4.    Defendant Safeco is a foreign corporation, duly registered with the Texas Department of Insurance to do business in Texas, which may be served with process by serving this Original Petition and a copy of the citation on its Registered Agent, Corporation Service Company, at its registered address, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## BACKGROUND

5.    This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiffs' Property, which is located at 2819 Williams Way Court, Dallas, TX 75228, (the "Property"). In addition to seeking economic and penalty based damages from Safeco, Plaintiffs also seek compensation from Safeco for damages caused by improperly investigating the extensive losses associated with this case.

6.    Plaintiffs own the Property.

7.    Prior to the occurrence in question, Plaintiffs purchased a residential insurance policy from Safeco to cover the Property at issue in this case for a loss due to storm-related events.  Plaintiffs' Property suffered storm-related damage. Through their residential policy, OX-5783047, Plaintiffs was objectively insured for the subject loss by Defendant.

8.    On or around October 6, 2014, the Property suffered incredible damage due to storm related conditions.

9.      In the aftermath, Plaintiffs relied on Safeco to help begin the rebuilding process. By and through their residential policy, Plaintiffs were objectively insured for the subject losses in this matter.

10.     Pursuant to their obligation as a policyholder, Plaintiffs made complete payment of all residential insurance premiums in a timely fashion.  Moreover, their residential policy covered Plaintiffs during the time period in question.

11.     Despite Plaintiffs' efforts, Safeco continually failed and refused to pay Plaintiffs in accordance with its promises under the Policy.

12.     Moreover, Safeco has failed to make any reasonable attempt to settle Plaintiffs' claims in a fair manner, although its liability to the Plaintiffs under the policy is without dispute.

13.     In the months following, Plaintiffs provided information to Safeco, as well as provided opportunities for Safeco to inspect the Property.  However, Safeco failed to conduct a fair investigation into the damage to the Property.  Moreover, Safeco failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiffs' claims.

14.     Despite Safeco's improprieties, Plaintiffs continued to provide information regarding the losses and the related claim to Safeco.  Further, Plaintiffs made inquiries regarding the status of the losses, and payments.  Regardless, Safeco failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses.  As a result, to this date, Plaintiffs have not received proper payment for their claim, even though notification was provided.

15.    Safeco has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property.   Safeco has furthermore failed to offer Plaintiffs adequate compensation without any explanation why full payment was not being made.   Safeco did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.    Safeco has further failed to affirm or deny coverage within a reasonable time. Plaintiffs also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Safeco in a timely manner.

17.   °  Safeco has, to date, refused to fully compensate Plaintiffs under the terms of the policy for which Plaintiffs paid, even though it was Safeco that failed to conduct a reasonable investigation.   Ultimately, Safeco performed a result-oriented investigation of Plaintiffs' claims that resulted in an unfair, biased and inequitable evaluation of Plaintiffs' losses.

18.    Safeco has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claims, beginning an investigation of Plaintiffs' claims, and requesting all information reasonably necessary to investigate Plaintiffs' claims within the time period mandated by statute.

19.    As a result of the above issues, Plaintiffs did not receive the coverage for which they had originally contracted with Safeco.   Unfortunately, Plaintiffs have, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.    In addition, Safeco has failed to place adequate and proper coverage for Plaintiffs causing Plaintiffs to suffer further damages.   As indicated below, Plaintiffs seek relief under the

common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21.    All conditions precedent to recovery by Plaintiffs have been met or has occurred.

## AGENCY

22.    All acts by Safeco were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Safeco and/or were completed in its normal and routine course and scope of employment with Safeco.

## CLAIMS AGAINST DEFENDANT

23.    Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### NEGLIGENCE

24.    Safeco had and owed a legal duty to Plaintiffs to properly adjust the structural and property damage and other insurance losses associated with the Property. Safeco breached this duty in a number of ways, including but not limited to the following:

      a.    Safeco was to exercise due care in adjusting and paying policy proceeds regarding Plaintiffs' Property loss;

      b.    Safeco had a duty to competently and completely handle and pay all damages associated with Plaintiffs' Property; and/or

      c.    Safeco failed to properly complete all adjusting activities associated with Plaintiffs.

25.     Safeco's acts, omissions, and/or breaches did great damage to Plaintiffs, and were a proximate cause of Plaintiffs' damages.

**B.**
**BREACH OF CONTRACT**

26.     Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

27.     According to the policy that Plaintiffs purchased, Safeco had the absolute duty to investigate Plaintiffs' damages, and to pay Plaintiffs' policy benefits for the claims made due to the extensive storm-related damages.

28.     As a result of the storm-related event, Plaintiffs suffered extreme external and internal damages.

29.     Despite objective evidence of such damages, Safeco has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiffs benefits relating to the cost to properly repair Plaintiffs' Property, as well as for related losses. As a result of this breach, Plaintiffs have suffered actual and consequential damages.

**C.**
**VIOLATIONS OF TEXAS DECEPTIVE TRADE**
**PRACTICES ACT AND TIE-IN-STATUTES**

30.     Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

31.     Safeco's collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business & Commerce Code. Safeco collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

a.   Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

b.   Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

c.   Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

d.   Using or employing an act or practice in violation of the Texas Insurance Code;

e.   Unreasonably delaying the investigation, adjustment and resolution of Plaintiffs' claim;

f.   Failure to properly investigate Plaintiffs' claim; and/or

g.   Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Safeco in low-balling and/or denying Plaintiffs' damage claim.

32.   As described in this Original Petition, Safeco represented to Plaintiffs that their insurance policy and Safeco's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA.

33.   As described in this Original Petition, Safeco represented to Plaintiffs that its insurance policy and Safeco's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

34.    By representing that Safeco would pay the entire amount needed by Plaintiffs to repair the damages caused by the storm-related event and then not doing so, Safeco has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

35.    Safeco has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies.   This breach entitles Plaintiffs to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

36.    Safeco's actions, as described herein, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.   Safeco's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA.

37.    Safeco's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

38.    Plaintiffs are consumers, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Safeco to their detriment.   As a direct and proximate result of Safeco's collective acts and conduct, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiffs now sue.  All of the above-described acts, omissions, and failures of Safeco are a producing cause of Plaintiffs' damages that are described in this Original Petition.

39.    Because Safeco's collective actions and conduct were committed knowingly and intentionally, Plaintiffs are entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such

actual damages, for Safeco having knowingly committed its conduct. Additionally, Plaintiffs are ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Safeco having intentionally committed such conduct.

40.     As a result of Safeco's unconscionable, misleading, and deceptive actions and conduct, Plaintiffs have been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Plaintiffs also seek to recover their costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiffs may show themselves to be justly entitled at law and in equity.

## D.
## VIOLATIONS OF TEXAS INSURANCE CODE

41.     Plaintiffs hereby incorporate by reference all facts and circumstances set forth within the foregoing paragraphs.

42.     Safeco's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058). Specifically, Safeco engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

a.      Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

b.      Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

    c.     Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

    d.     Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due;

    e.     Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

    f.     Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

43.    Plaintiffs are the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Safeco, and Plaintiffs relied upon these unfair or deceptive acts or practices by Safeco to their detriment. Accordingly, Safeco became the insurer of Plaintiffs.

44.    As a direct and proximate result of Safeco's acts and conduct, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which they now sue.

45.    Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Safeco's actions and conduct were committed knowingly and intentionally, Plaintiffs are entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Safeco having knowingly committed such conduct. Additionally, Plaintiffs are entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Safeco having intentionally committed such conduct.

46.    As a result of Safeco's unfair and deceptive actions and conduct, Plaintiffs have been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Plaintiffs also seeks to recover their costs and reasonable

and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiffs may show themselves justly entitled by law and in equity.

## E.
## BREACH OF THE COMMON-LAW DUTY
## OF GOOD FAITH AND FAIR DEALING

47.    Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

48.    By its acts, omissions, failures and conduct, Safeco has breached its common law duty of good faith and fair dealing by denying Plaintiffs' claims or inadequately adjusting and making an offer on Plaintiffs' claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

49.    Safeco has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claims and by failing to settle Plaintiffs' claims, as Safeco knew or should have known that it was reasonably clear that Plaintiffs' storm-related claims were covered. These acts, omissions, failures, and conduct by Safeco is a proximate cause of Plaintiffs' damages.

## F.
## BREACH OF FIDUCIARY DUTY

50.    Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

51.    Safeco had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiffs.  As a result, Safeco owed a duty of good faith and fair dealing to Plaintiffs.  Safeco breached that fiduciary in that:

a.  The transaction was not fair and equitable to Plaintiffs;

b.  Safeco did not make reasonable use of the confidence that Plaintiffs placed upon it;

c.  Safeco did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiffs;

d.  Safeco did not place the interests of Plaintiffs before its own, and Safeco used the advantage of its position to gain a benefit for itself, at Plaintiffs' expense;

e.  Safeco placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

f.  Safeco did not fully and fairly disclose all important information to Plaintiffs concerning the sale of the policy.

52.   Safeco is liable for Plaintiffs' damages for breach of fiduciary duty, as such damages were objectively caused by Safeco's conduct.

## G.
## UNFAIR INSURANCE PRACTICES

53.   Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

54.   Plaintiffs have satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Safeco has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

55.   Such violations include, without limitation, all the conduct described in this Original Petition, plus Safeco's failure to properly investigate Plaintiffs' claims. Plaintiffs also include Safeco's unreasonable delays in the investigation, adjustment, and resolution of

Plaintiffs' claims and Safeco's failure to pay for the proper repair of Plaintiffs' Property, as to which Safeco's liability had become reasonably clear.

56.     Additional violations include Safeco's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiffs' storm-related damage and related claims.  Plaintiffs further include Safeco's failure to look for coverage and give Plaintiffs the benefit of the doubt, as well as Safeco's misrepresentations of coverage under the subject insurance policy. Specifically, Safeco is also guilty of the following unfair insurance practices:

    a.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

    b.    Engaging in unfair claims settlement practices;

    c.    Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

    d.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims as to which Safeco's liability had become reasonably clear;

    e.    Failing to affirm or deny coverage of Plaintiffs' claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiffs;

    f.    Refusing to pay Plaintiffs' claims without conducting a reasonable investigation with respect to the claims; and/or

    g.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

57.     Safeco has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Safeco's conduct as described herein has resulted in Plaintiffs' damages that are described in this Original Petition.

## H.
## MISREPRESENTATION

58.     Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

59.     Safeco is liable to Plaintiffs under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Safeco did not inform Plaintiffs of certain exclusions in the policy.   Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiffs who relied on the misrepresentations to their detriment. As a result, Plaintiffs have suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees.   Safeco is liable for these actual consequential and penalty-based damages.

## I.
## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

60.     Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

61.     Plaintiffs would show that Safeco perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiffs, who relied upon such representations that ultimately resulted in their injuries and damages.  Alternatively, Safeco fraudulently concealed material facts from Plaintiffs, the result of which caused damage to Plaintiffs as a result of the storm-related damages.

62.     Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or

consent of Plaintiffs, Plaintiffs have sustained damages far in excess of the minimum jurisdictional limits of this Court.

63.     By reason of Plaintiffs' reliance on Safeco fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiffs have suffered actual damages for which they now sue.

64.     Plaintiffs further allege that because Safeco knew that the misrepresentations made to Plaintiffs were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Safeco, and constitute conduct for which the law allows the imposition of exemplary damages.

65.     In this regard, Plaintiffs will show that they have incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

66.     Accordingly, Plaintiffs requests that penalty damages be awarded against Safeco in a sum in excess of the minimum jurisdictional limits of this Court.

## <u>WAIVER AND ESTOPPEL</u>

67.     Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

68.     Safeco has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiffs.

## DAMAGES

69.     Safeco's acts have been the producing and/or proximate cause of damage to Plaintiffs, and Plaintiffs seek an amount in excess of the minimum jurisdictional limits of this Court.

70.     More specifically, Plaintiffs seek monetary relief of no more than $74,500 *(see attached Exhibit A)*, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## ADDITIONAL DAMAGES & PENALTIES

71.     Safeco's conduct was committed knowingly and intentionally.     Accordingly, Safeco is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all operative provisions of the Texas Insurance Code.  Plaintiffs are, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

72.     In addition, Plaintiffs are entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## JURY DEMAND

73.     Plaintiffs demand a jury trial and tenders the appropriate fee with this Original Petition.

## REQUEST FOR DISCLOSURE

74.     Pursuant to the Texas Rules of Civil Procedure, Plaintiffs request that Safeco disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

75.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

    a.     Please identify any person Safeco expects to call to testify at the time of trial.

    b.     Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

    c.     If Safeco or Safeco's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Safeco or any of Safeco's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

    d.     Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Safeco's investigation.

    e.     Please state the following concerning notice of claims and timing of payment:

        i.      The date and manner in which Safeco received notice of the claim;
        ii.     The date and manner in which Safeco acknowledged receipt of the claim;
        iii.    The date and manner in which Safeco commenced investigation of the claim;
        iv.     The date and manner in which Safeco requested from the claimant all items, statements, and forms that Safeco reasonably believed, at the time, would be required from the claimant; and

       v.      The date and manner in which Safeco notified the claimant in writing of the acceptance or rejection of the claim.

   f.    Please identify by date, amount and reason, the insurance proceed payments made by Safeco, or on Safeco's behalf, to the Plaintiff.

   g.    Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

   h.    When was the date Safeco anticipated litigation?

   i.    Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Safeco's document retention policy.

   j.    Does Safeco contend that the insured premises was damaged by storm-related events and/or any excluded peril?   If so, state the general factual basis for this contention.

   k.   Does Safeco contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

   l.    Does Safeco contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way?   If so, state the general factual basis for this contention.

   m.   How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated?  State the following:

       i.     what performance measures are used; and
      ii.    describe Safeco's bonus or incentive plan for adjusters.

## CONCLUSION

   77.    Plaintiffs pray that judgment be entered against Safeco Insurance, and that Plaintiffs be awarded all of their actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees,

court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray they be awarded all such relief to which they are due as a result of the acts of Safeco Insurance, and for all such other relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

/s/ *Bryan Beverly*
Bill L. Voss
Texas Bar No. 24047043
Scott G. Hunziker
Texas Bar No. 24032446
Bryan Beverly
Texas Bar No. 24082688
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
bill.voss@vosslawfirm.com
scott@vosslawfirm.com
bryan@vosslawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

**Scanned:** 11·5·15
**Atty:** ZM   Cal: _____
**TimeNet Entry:**   Y/N
**Filing / Action:** _____





**DVA Consulting Services**
**294 Misty Dawn Court**
**The Woodlands, TX 77385**

7015 1730 0000 9426 2324

Safeco Insurance
c/o Corporation Service Company
211 E. 7th St, Ste. 620
Austin, TX  78701